IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **VICKIE S. WISE and KATHY S. HUGHES** | * | **CIVIL ACTION NO. 05-1555** |
| **VERSUS** | * | **JUDGE JAMES** |
| **CYPRESS MANOR CARE CENTER, INC. and COMMUNITY LIVING CENTERS, L.L.C., and CLC OF LAKE PROVIDENCE SUBACUTE REHABILITATION CENTER** | * | **MAGISTRATE JUDGE HAYES** |

## RULING ON MOTION TO REMAND[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand filed by plaintiffs. [Document No. 8].

### Introduction

Plaintiffs, all Louisiana domiciliaries, filed this wrongful death and survival action in the 6th Judicial District for the Parish of East Carroll, claiming that the defendants' negligent provision of medical care substantially contributed to the death of Frank Evans ("Evans"), the plaintiffs' father.

Defendants[2], Community Living Centers, L.L.C. ("CLC") and CLC of Lake Providence, L.L.C. ("CLC of Lake Providence") d/b/a Lake Providence Subacute Rehabilitation Center,

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] Cypress Manor Care Center, Inc. ("Cypress"), the only non-diverse defendant, did not join in the other defendants' notice of removal, presumably because it is not presently engaged in bankruptcy proceedings and therefore unable to avail itself of §§ 1334(b) and 14529(a).

1

removed this action pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) permitting removal of "civil proceedings arising under title 11, or arising in or related to cases under title 11."[3] 28 U.S.C. § 1334(b). The present claims are related to the cases under title 11 because any judgment against the bankrupt defendants would have an effect on the bankrupts' estates.

In their Motion to Remand, the plaintiffs assert several bases for relief, including equitable principles of law, the bankruptcy court's lack of jurisdiction over the state-law issues in this action, and permissive and mandatory abstention under 28 U.S.C. § 1334(c)(1)-(2).

### Law and Analysis

Section 1334, the same statute the defendants rely on for removal, also contains two subsections that identify when abstention is permissive and mandatory. Under subsection (c), a district court must abstain from hearing a case if (1) the action is based on state law; (2) the action, rather than arising under title 11 or arising in a case under title 11, is merely related to a case under title 11; (3) federal jurisdiction exists only under subsection (b); and (4) the action could be timely adjudicated in state court. *See* § 1334(c)(2). All of the above requirements are

---

[3] Section 1452(a) provides:
> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

Section 1334(b) provides:
> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1224(b).

2

present in this case: (1) the plaintiffs' wrongful death and survival claims are governed wholly by state law, see La. Civ. Code Ann. Art. 2315 (2005); (2) the defendants concede that this case is merely related to their title 11 bankruptcy proceedings in Georgia rather than arising out of it; (3) as a case involving only state-law claims and lacking complete diversity because of Cypress' status as a Louisiana corporation, jurisdiction is provided only under subsection (b); and (4) given that this action was filed in state court to begin with, there is no evidence that it could not be timely adjudicated in that forum.

28 U.S.C. § 1452(a) provides that "a party may remove any claim," thereby permitting the defendants to remove only the claims against them and to effectively sever themselves from Cypress, a Louisiana corporation and non-diverse defendant. In addition, the removing defendants do not base their remove on any jurisdictional ground other than § 1334(b); thus, the third requirement for mandatory abstention, jurisdiction solely under § 1334(b), is met with respect to each and every defendant.

Even if mandatory abstention is not appropriate, either because the removing defendants are diverse and therefore not asserting jurisdiction solely under § 1334, or for some other reason, permissive abstention is also applicable. Section 1334(c) provides that:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). Additionally, the general removal statute, § 1452, also provides that a court may remand a claim on "any equitable ground." 28 U.S.C. § 1452(b). Courts have interpreted these remand sections as permitting consideration of the following factors: (1) forum non conveniens; (2) duplicative and uneconomic use of judicial resources; (3) effect of removal

on the administration of the bankruptcy estate; (4) whether one court, particularly a state court, could better address the underlying issues and claims; (5) comity considerations; (6) prejudice to the involuntarily removed parties; (7) lessened possibility of an inconsistent result; and (8) expertise of the court in which the action originated. *See Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984); *Allen County Bank & Trust Co. v. Valvmatic Int'l Corp.*, 51 B.R. 578, 582 (Bankr. N.D. Ind. 1985).

Most, if not all, of the above factors militate toward remand in this case. The plaintiffs' claims against the defendants involve only state law, and given the multiple parties involved, resolution of this matter in state court would surely produce a more consistent result, especially considering that the plaintiffs may indeed add additional parties later. Failure to remand would require the plaintiffs to pursue their claims in multiple forums, even if the stay were lifted, and would cause needless waste of already limited judicial resources.

The Court is mindful that the plaintiffs' claims against the removing defendants are subject to the automatic stay issued in the defendants' title 11 bankruptcy; however, the state courts are fully capable of dealing with the stay and with any additional bankruptcy issues that may arise in this litigation. Additionally, there is no evidence that remand would hinder the administration of the defendants' bankruptcy estate. Should the stay be lifted, the case could proceed against all of the defendants, including the removing defendants, in state court. If it is not lifted, the claims against the title 11 defendants can proceed in the bankruptcy court in Georgia.

In sum, even if remand is not mandatory, the relation of this case to the defendants' title 11 proceedings simply does not overcome the practical and equitable considerations in favor of remanding the case to state court.

Therefore, for the reasons stated above, the motion to remand is hereby **GRANTED. Remand will be stayed for fifteen days to allow the parties an opportunity to appeal this decision.**

THUS DONE AND SIGNED at Monroe, Louisiana this 6th day of October, 2005.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE