IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| VICKIE S. WISE and KATHY S. HUGHES | * | CIVIL ACTION NO. 05-1555 |
| VERSUS | * | JUDGE JAMES |
| CYPRESS MANOR CARE CENTER, INC. and COMMUNITY LIVING CENTERS, LLC., and CLC OF LAKE PROVIDENCE, LLC, all d/b/a LAKE PROVIDENCE SUBACUTE REHABILITATION CENTER | * | MAGISTRATE JUDGE HAYES |

## RULING AND ORDER ON MOTION TO TRANSFER[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is an unopposed motion to transfer filed by defendants, Community Living Centers, LLC and CLC of Lake Providence, LLC, all d/b/a Lake Providence Subacute Rehabilitation Center (collectively the "Lake Providence Defendants" or "Lake Providence Debtors").[2] [Document No. 17].

### Introduction

On July 21, 2005, Plaintiffs, all Louisiana domiciliaries, filed this wrongful death and survival action in the 6th Judicial District for the Parish of East Carroll, claiming that the defendants' negligent provision of medical care substantially contributed to the death of Frank Evans ("Evans"), the Plaintiffs' father.

---

[1] As this motion is not one excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] The remaining defendant in this action, Cypress Manor Care Center ("Cypress"), is a non-debtor and has not joined in the motion to transfer.

1

On September 1, 2005, the Lake Providence Defendants removed this action pursuant to 28 U.S.C. §§ 1334(b) and 1452(a), which permits removal of "civil proceedings arising under title 11, or arising in or related to cases under title 11."[3] 28 U.S.C. § 1334(b). Roughly a year prior to removal, between July 19, 2004 and October 5, 2004, the Lake Providence Defendants and other subsidiaries filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia ("Georgia Bankruptcy Court"), and, accordingly, an automatic stay went into effect. Plaintiffs' claims are related to the Lake Providence Debtors' cases under title 11 because any judgment against the debtors would have an effect on their estates.

Shortly after removing the case, on September 9, 2005, the Lake Providence Debtors filed a motion to dismiss (Document No. 5), claiming that the automatic stay that resulted from their bankruptcy filings rendered the Plaintiffs' claims void and without effect. The Plaintiffs, in their opposition, conceded that the automatic stay applied, but claimed that it only rendered their claims voidable because the Georgia Bankruptcy Court could eventually modify or lift the stay,

---

[3] Section 1452(a) provides:
> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

Section 1334(b) provides:
> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1224(b).

2

thereby allowing the Plaintiffs to proceed.

On September 30, 2005, Plaintiffs filed a motion to remand (Document No. 8) based on equitable grounds, the Georgia Bankruptcy Court's alleged lack of jurisdiction, and mandatory and permissive abstention under 28 U.S.C. § 1334(c).[4] In their opposition, the Lake Providence Debtors addressed each of the Plaintiffs' arguments and raised the issue of transfer under 28 U.S.C. § 157(b)(5).

The current motion reiterates the arguments for transfer first raised in the opposition to the Plaintiffs' motion to remand. Plaintiffs have been granted two extensions of time to respond to the motion, but have not opposed it.

## Law and Analysis

Section 157 of Title 28, which delineates the scope of bankruptcy judges' authority to hear "core" and "non-core" proceedings, deals with one "non-core" proceeding in particular: personal injury torts and wrongful death claims. First, rather than issuing a final order on personal injury torts and wrongful death claims, a bankruptcy judge must submit proposed findings of facts and conclusions of law to the district court judge for approval. *Id.* at (c)(1).

---

[4] Section 1334(c) provides:
>  (1) [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>  (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
>
> 28 U.S.C. § 1334(c).

Second, personal injury torts and wrongful death claims are not subject to the mandatory abstention provisions of section 1334(c)(2). *Id.* at (b)(4). Lastly, and most importantly, subsection (b)(5) provides, in its entirety:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

*Id.*

The Lake Providence Debtors claim that the last phrase of subsection (b)(5), "as determined by the district court in which the bankruptcy case is pending," requires this Court to transfer this case to the Georgia Bankruptcy Court so that the presiding district court can determine whether the case should proceed in that district or in the district court in which the claim arose.

The Lake Providence Debtors acknowledge that section 157(b)(5) does not preclude a district court from invoking permissive abstention under section 1334(c)(1). They note that "the district court would first decide whether it should leave the [personal injury and wrongful death] cases . . . in the courts in which they are pending and then, if it decides against this course, the district court must try the cases itself or send them to the federal court for the district in which they arose." *Citibank, N.A. v. White Motor Corp. (In re White Motor Credit)*, 761 F.2d 270, 273 (6th Cir. 1986). Whether to abstain or proceed, however, as with transfer under section 157(b)(5), is a question for the district court **in which the bankruptcy is pending**, not this Court. Given the dictates of section 157(b)(5), this Court is obligated to transfer this matter to the Georgia Bankruptcy Court for further proceedings.

Therefore, for the reasons stated above, the Lake Providence Debtors' Motion to Transfer

4

is hereby **GRANTED, and it is ORDERED that this matter be transferred to the United States Bankruptcy Court for the Northern District of Georgia.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 19th day of January, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE